```
              IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION
```

```
DELIA A. BOONE ANDREAS,        §
                               §
          Plaintiff,           §
                               §
VS.                            §   NO. 4:05-CV-274-A
                               §
JO ANNE B. BARNHART,           §
COMMISSIONER OF                §
SOCIAL SECURITY,               §
                               §
          Defendant.           §
```

## MEMORANDUM OPINION
### and
## ORDER

Came on for consideration the above-captioned action wherein Delia A. Boone Andreas is plaintiff ("Andreas") and the Commissioner of Social Security, currently Jo Anne B. Barnhart, is defendant. On January 10, 2006, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and granted the parties until January 31, 2006, in which to file and serve any written objections thereto. On January 31 plaintiff filed her objections and, pursuant to the court's order, defendant filed a response to those objections on February 15.

I.

Standards of Review

Pursuant to 42 U.S.C. § 405(g), the only issues before the court are whether (1) the final decision of the Commissioner that plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence, and (2) whether the decision complies with applicable legal standards. Crouchet v. Sullivan, 885 F.2d 202, 204 (5th Cir. 1989). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971). The court may not reweigh the evidence or substitute its opinion for that of the Commissioner, but must scrutinize the record in its entirety to ascertain whether substantial evidence exists to support the Commissioner's findings. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987). Substantial evidence is more than a mere scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Crouchet, 885 F.2d at 204. In determining whether the Commissioner's decision is supported by substantial evidence, the court considers (1) objective medical facts and clinical findings, (2) diagnosis of examining physicians, (3) subjective evidence of pain and disability as testified to by the claimant, and (4) the claimant's age, education, and work history. Smith v. Schweiker, 646 F.2d 1075, 1077 (5th Cir. Unit A June 1981). "[N]o substantial evidence" will be found only where there is a

"conspicuous absence of credible choices" or "no contrary medical evidence."  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988) (citing Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)).

Once the magistrate judge has issued his proposed findings, conclusions, and recommendations, and the respondent has made objections thereto, the district judge makes a de novo determination of those portions of the magistrate judge's specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court now makes that determination in the context of the basic principles mentioned above.

## II.

### Plaintiff's Objections and Rulings Thereon

Andreas makes two objections to the magistrate judge's findings and conclusions.  First, she argues that the ALJ improperly relied on vocational expert testimony to find that she could perform certain work-related functions with her non-dominant arm.  In addition, she contends that greater weight should have been accorded to the opinions her treating physicians; and that the ALJ should have ordered her treating physician to conduct a consultative examination to further develop the record.  The court disagrees with both of plaintiff's contentions.

The crux of Andreas's first objection is her mistaken contention that there is no evidence she ever adapted to the use

3

of her left arm.  To the contrary, there is substantial evidence that Andreas did so adapt.  Moreover, the record shows that the ALJ incorporated  all of these facts into the questions he put to the vocational expert.  <u>Masterson v. Barnhart</u>, 309 F.3d 267, 272 (5th Cir. 2002).  Therefore, it follows that the ALJ properly relied on the vocational expert's testimony about Andreas's abilities.

Andreas's second objection fails for similar reasons.  It was the ALJ's prerogative to determine the credibility of her treating physicians against the evidence that she had adapted to her impairment.  <u>See</u> <u>Moore v. Sullivan</u>, 919 F.2d 901, 905 (5th Cir. 1990).  Based on this record it was not error for the ALJ to accord that testimony less weight.  <u>Id.</u>  Likewise, there was no need for the ALJ to further development the record because there is no evidence those actions would have changed the result. <u>Brock v. Chater</u>, 84 F.3d 726, 728-29 (5th Cir. 1996).

### III.
### Conclusion and Order

For the reasons stated above, all of Andreas's objections are without merit.  Therefore, the court accepts the magistrate judge's proposed findings, conclusions, and recommendations.

Consistent therewith,

The court ORDERS that the Commissioner's decision that plaintiff did not qualify for a period of disability and disability insurance benefits be, and is hereby, affirmed.

SIGNED February 21, 2006.

          /s/ John McBryde

JOHN McBRYDE

United States District Judge